**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**TRADING POST OF PASCO, INC.;
Daniel Walsh; Judith Walsh,
Claimants—Appellants,**

**$155,000.00 U.S. Funds from Sterling Savings Bank Account #: XXXXXXX1308, Defendant.**

No. 08–35939.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2009.

Filed Oct. 13, 2009.

Jared Courtland Kimball, Assistant U.S., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Ronald J. Meltzer, Sinsheimer & Meltzer, Seattle, WA, for Claimants–Appellants.

Before: D.W. NELSON, SILVERMAN, and IKUTA, Circuit Judges.

### MEMORANDUM *

Daniel Walsh ("Walsh"), Judith Walsh, and Trading Post of Pasco, Inc. (collectively "Appellants") appeal the district court's order granting the government's motion for summary judgment that certain funds

---

* This disposition is not appropriate for publication and is not precedent except as provided

are subject to civil forfeiture by the government. We reverse.

"We review the grant of summary judgment de novo." *United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003). "We determine, viewing the evidence in the light most favorable to nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied substantive law." *Id.*

Under 31 U.S.C. § 5324(a), a person may not structure transactions "for the purpose of evading the reporting requirements of [31 U.S.C. § ] 5313(a)" or applicable regulations. By regulation, financial institutions must report all currency transactions involving more than $10,000, subject to certain exceptions which are not applicable here. *See* 31 C.F.R. § 103.22(b)(1). Pursuant to 18 U.S.C. § 981(a)(1)(A), the federal government may file a civil forfeiture action against funds that were the subject of structured banking transactions. 31 U.S.C. § 5317(c)(2).

In order to prove the elements of an offense under § 5324, "(1) the defendant must, in fact, have engaged in acts of structuring; (2) he must have done so with knowledge that the financial institutions involved were legally obligated to report currency transactions in excess of $10,000; and (3) he must have acted with the intent to evade this reporting requirement." *United States v. MacPherson,* 424 F.3d 183, 189 (2d Cir.2005); *see also United States v. Pang,* 362 F.3d 1187, 1193–94 (9th Cir.2004).

Here, Appellants have raised a genuine issue of material fact at least with respect to Walsh's intent to evade the federal re-

by 9th Cir. R. 36–3.

porting requirement. Walsh came forward with a plausible, innocent explanation for making the suspect deposits that, viewed in the light most favorable to Appellants, raises the question whether Walsh had legitimate business reasons for his banking activities and therefore did not engage in an unlawful financial structuring. Accordingly, we reverse the district court's ruling that Walsh structured financial transactions for the purpose of evading federal reporting requirements.

Because we reverse summary judgment that Walsh committed a structuring offense, we do not reach the issue whether forfeiture of the allegedly structured funds would violate the Eighth Amendment. We reverse and remand for trial on both issues.

**REVERSED and REMANDED.**